# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2021

Lyle W. Cayce
Clerk

No. 20-30472
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Melissa Richardson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:19-CR-115-1

Before Higginbotham, Jones, and Costa, *Circuit Judges*.

Per Curiam:*

Melissa Richardson was convicted by a jury of 15 counts of acquiring controlled substances by misrepresentation, fraud, forgery, deception, or subterfuge, violations of 21 U.S.C. § 843(a)(3). She was sentenced to 12 months and one day as to each count of conviction, to run concurrently. The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

district court also imposed a year of supervised release as to each count of conviction, also to run concurrently. Richardson appeals, challenging the district court's denial of her motion to suppress verbal and written statements she made to agents with the Department of Veterans Affairs Office of Inspector General as well as the sufficiency of the evidence.

First, when the entire record is reviewed in the light most favorable to the Government and in light of the express credibility determinations, the district court did not err in concluding that Richardson was not in custody for purposes of *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966). *See Stansbury v. California*, 511 U.S. 318, 323 (1994); *United States v. Gibbs*, 421 F.3d 352, 356-57 (5th Cir. 2005); *United States v. Harrell*, 894 F.2d 120, 123 (5th Cir. 1990). Similarly, the totality of the circumstances indicate that Richardson's verbal and written statements were voluntarily given. *See United States v. Cardenas*, 410 F.3d 287, 293 (5th Cir. 2005). The district court therefore did not err in denying her motion to suppress. *See Gibbs*, 421 F.3d at 356-57.

Second, viewing the evidence in the light most favorable to the verdict, there was sufficient evidence for the jury to conclude that Richardson obtained the hydrocodone pills by misrepresentation, fraud, forgery, deception, or subterfuge. *See United States v. Rodriguez*, 553 F.3d 380, 389 (5th Cir. 2008); *United States v. Bass*, 490 F.2d 846, 857 (5th Cir. 1974), *overruled on other grounds by United States v. Lyons*, 731 F.2d 243 (5th Cir. 1984) (en banc). As such, her related argument that there was insufficient evidence to support her conviction because the jury's acquittal of one count is "irreconcilably inconsistent" with the guilty verdicts on counts 2 through 16 is unavailing. *See United States v. Gieger*, 190 F.3d 661, 664 (5th Cir. 1999).

AFFIRMED.